UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORION S. EHRINGER,<br><br>  Plaintiff,<br><br>  v.<br><br>MAGISTRATE JUDGE KENDALL J. NEWMAN, MAGISTRATE JUDGE ALLISON CLAIRE, AND U.S. DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA,<br><br>  Defendants. | No. 2:16-cv-2074-TLN-EFB PS<br><br>ORDER GRANTING IFP AND RECOMMENDATION OF DISMISSAL |

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF Nos. 2, 3 at 9. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint purports to assert claims against Magistrate Judges Newman and Claire for their handing of two cases plaintiff previously filed in this court.[2] ECF No. 1. In essence, plaintiff contends that Judge Newman wrongfully recommended dismissal of his habeas petition in *Ehringer v. California*, 2:15-cv-1329-MCE-KJN, and that Judge Claire wrongfully recommended dismissal of plaintiff's civil complaint in *Ehringer v. California*, 2:15-cv-985-KJM-AC. *See generally* ECF No. 1. Both judges are entitled to absolute judicial immunity and plaintiff's claims must be dismissed.

"Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). The complaint plainly shows that the acts for which plaintiff sues were performed by Judges Newman and Claire within their jurisdiction as judges assigned to plaintiff's cases. Plaintiff's allegations indicate that the actions of Judges Newman and Claire were judicial in nature, and they are therefore entitled to judicial immunity. Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted. Moreover, because it is clear from the allegations of the current complaint these claims

---

[2] The complaint's caption also lists the United States District Court for Eastern District of California as a Defendant, but the complaint does not contain any specific allegations against the court. Thus, to the extent plaintiff intended to assert separate claims against the court, he has failed to do so. Further, if it was plaintiff's intention to assert claims against the court, including all of its judges, the undersigned would not be required to recuse himself from this case under the "rule of necessity." *See Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163-1165 (9th Cir. 2006) (finding that under the rule of necessity—which allows a normally disqualified judge to hear a case that could not otherwise be heard—a three-member panel was not required to recuse where plaintiff indiscriminately sued all judges of the Ninth Circuit).

are barred by absolute immunity, leave to amend would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile). Therefore, the dismissal should be without leave to amend.

Accordingly, it is hereby ORDERED that Plaintiff's request for leave to proceed *in form pauperis* (ECF Nos. 2) is granted.

Further, it is RECOMMENDED that plaintiff's complaint be dismissed without leave to amend and the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 27, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4